**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bob ELLIS et al., Defendants,**

**Leo Holmes, J. F. Allen, et al.,**
**Defendants-Appellants.**

No. 28436.

United States Court of Appeals,
Fifth Circuit.

May 4, 1970.

---

1. 42 U.S.C. § 1983.

Charles B. Jones, Carlton B. Dodson, Lubbock, Tex., for defendants-appellants.

Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., Robert Zener, Walter H. Fleischer, Attys., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM.

The United States sued to recover cotton research and promotion assessments, 7 U.S.C. § 2101 et seq. The defendant Robert Ellis, acting as a collecting handler under the Cotton Board's Rules and Regulations, collected $8,886.00 cotton research and promotion assessments at the rate of $1.00 per bale from cotton producers during December 1967, and submitted a report of these collections to the Cotton Board.

The stipulated facts centered around a tripartite arrangement whereby the defendant Ellis purchased cotton from local producers and issued checks in payment for the same drawn upon the "Bob Ellis-Cotton Account". At the same time, he collected cotton research and promotion assessments from the cotton producers in a total sum of $8,886.00. Unable to sell the cotton, and thus honor the checks so issued, Ellis borrowed money from a local bank and received advances from some of the cotton producers, all such monies being placed in an escrow account and managed by a Banker's Committee. The loan and the producers' advances were secured by negotiable cotton warehouse receipts and some of Ellis' personal stocks. Various transactions took place with the net result that the bank's loan was completely paid and the producers' advances were paid on a 50% pro rata basis with $11,136.16 remaining in the escrow account.

The district court entered judgment for the amount sued for, $8,886.00, against Ellis as primary debtor and ordered the other defendants to pay plaintiff such sum of money, plus interest at the legal rate, from the Bob Ellis Cotton Escrow Account. The defendant Ellis did not appeal and the judgment is final

**134**

against him. The appeal is prosecuted by the other defendants, Leo Holmes, et al.

The defendants-appellants, Holmes, et al., contend that the remaining amount in the escrow account represents the proceeds from the sale of assets in which there existed a security interest which cannot be overreached by the Government under 31 U.S.C. § 191 and § 192.

We do not think so. We agree with the well-reasoned opinion of the district court in United States of America v. Ellis et al., 311 F.Supp. 1394, and its judgment is affirmed.